# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| RONALD DEWAYNE MILLER, | ) |
| --- | --- |
| Petitioner, | ) |
| vs. | ) Case No. 09-CV-305-GKF-PJC |
| GREG PROVINCE, Warden, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is the petition for writ of habeas corpus (Dkt. # 1) filed by Petitioner Ronald Dewayne Miller, a state inmate appearing pro se. Respondent filed a response (Dkt. # 5) and provided the state court records (Dkt. #s 5, 6, and 7) necessary for adjudication of Petitioner's claims. Petitioner filed a reply (Dkt. # 8) to Respondent's response. For the reasons discussed below, the Court finds the petition for writ of habeas corpus shall be denied.

### *BACKGROUND*

On September 8, 2006, at the conclusion of a jury trial, Petitioner Ronald Dewayne Miller was convicted of two (2) counts of Sexually Abusing a Minor Child and one (1) count of Furnishing Alcohol to a Minor, in Tulsa County District Court, Case No. CF-2005-3514.[1] At trial, A.S.[2] testified that on May 24, 2005, when she was thirteen (13) years old, she told her school counselor that Petitioner, her mother's boyfriend, had been "messing with her." She reported that he had

---

[1] A third count of Sexually Abusing a Minor Child was dismissed at the conclusion of the State's case, after the trial judge sustained defense counsel's demurrer to Count 3.

[2] Pursuant to Rule 5.2(a)(3), Federal Rules of Civil Procedure, the Court shall refer to the minor victims using their initials.

touched her "breasts, vagina, and legs using his hands, his mouth, his penis," and that he had "put his penis in [her] vagina." A.S. said that she had sex with Petitioner four to five times a week during the period between April 1, 2004, and June 1, 2005. Occupants of the home where A.S. lived included A.S., her mother, Petitioner, her two younger half-siblings, R.M. and M.M., a woman named Brandi, identified as another girlfriend of Petitioner's, and Brandi's one-year-old child, who had been fathered by Petitioner. A.S. also described incidents when Petitioner gave her and her younger siblings vodka mixed with Kool Aid, pop, or tea. In May 2005, as a result of A.S.'s statements, all of the children were removed from the home and taken to a local shelter.

On September 25, 2006, Petitioner was formally sentenced in accordance with the jury's recommendation to twenty (20) years imprisonment and a fine of $2,500 on Count 1, thirty (30) years imprisonment and a fine of $5,000 on Count 2, and one (1) year in custody on Count 4, with the sentences ordered to be served consecutively. At trial, Petitioner was represented at trial by attorney Cliff Stark.

Petitioner appealed his convictions and sentences to the Oklahoma Court of Criminal Appeals (OCCA). On direct appeal, Petitioner was represented by attorney Bill J. Baze. Petitioner raised the following propositions of error:

Proposition 1: Prosecutorial misconduct deprived Mr. Miller of a fair trial.

Proposition 2: The trial court committed plain error during voir dire by asking the panel improper and misleading questions which gave the appearance of supporting the complaining witness and invoking societal alarm.

Proposition 3: Mr. Miller received an excessive sentence.

(Dkt. # 5, Ex. 1). On March 17, 2008, in Case No. F-2006-1060, the OCCA entered its unpublished summary opinion affirming Petitioner's Judgment and Sentence. See Dkt. # 5, Ex. 3.

2

On April 21, 2008, Petitioner filed an application for post-conviction relief in the state district court. He raised two propositions of error: (1) ineffective assistance of appellate counsel, and (2) actual innocence. See Dkt. # 5, Ex. 4. By order filed February 5, 2009, the trial court denied post-conviction relief. See id. Petitioner appealed. By order filed May 1, 2009, in Case No. PC-2009-150, the OCCA affirmed the denial of post-conviction relief. Id., Ex. 6.

Petitioner commenced the instant habeas corpus action by filing his petition on May 21, 2009. See Dkt. # 1. He identifies three (3) grounds of error, as follows:

Ground 1: Prosecutorial misconduct deprived Mr. Miller of a fair trial.

Ground 2: The trial court committed plain error during voir dire by asking the panel improper questions and misleading questions which gave the appearance of supporting the complaining witness and invoking societal alarm.

Ground 3: Actual innocence's [sic].

(Dkt. # 1). In response to the petition, Respondent argues that Petitioner is not entitled to habeas corpus relief. See Dkt. # 5.

## *ANALYSIS*

**A. Exhaustion/Evidentiary hearing**

As an initial matter, the Court must determine whether Petitioner meets the exhaustion requirements of 28 U.S.C. § 2254(b). See Rose v. Lundy, 455 U.S. 509, 510 (1982). Respondent states that Petitioner has exhausted his state court remedies. The Court agrees. Petitioner presented his habeas claims to the OCCA on direct and post-conviction appeal.

The Court also finds that an evidentiary hearing is not warranted as Petitioner has not met his burden of proving entitlement to an evidentiary hearing. See Williams v. Taylor, 529 U.S. 420 (2000); Miller v. Champion, 161 F.3d 1249 (10th Cir. 1998).

**B. Claims adjudicated by the OCCA**

The Antiterrorism and Effective Death Penalty Act (AEDPA) provides the standard to be applied by federal courts reviewing constitutional claims brought by prisoners challenging state convictions. Under the AEDPA, when a state court has adjudicated a claim, a petitioner may obtain federal habeas relief only if the state decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 402 (2000); Neill v. Gibson, 278 F.3d 1044, 1050-51 (10th Cir. 2001). When a state court applies the correct federal law to deny relief, a federal habeas court may consider only whether the state court applied the federal law in an objectively reasonable manner. See Bell v. Cone, 535 U.S. 685, 699 (2002); Hooper v. Mullin, 314 F.3d 1162, 1169 (10th Cir. 2002). Furthermore, the "determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

In this case, the OCCA adjudicated grounds 1 and 2 on direct appeal. Therefore, those claims will be reviewed pursuant to § 2254(d).

**1. Prosecutorial misconduct (ground 1)**

As his first ground of error, Petitioner argues that he was denied his right to a fair trial as a result of prosecutorial misconduct. See Dkt. # 1. In support of this claim, Petitioner attaches a copy of his first proposition of error as raised on direct appeal where he argued that, during closing argument, the prosecutor impermissibly vouched for the credibility of A.S. Id. Petitioner also

complained that the prosecutor argued facts not in evidence, serving to undermine the State's burden of proof, and gave her personal opinion of Petitioner's guilt. Id. The complained-of remarks drew no objection from defense counsel. However, Petitioner argued that the remarks "were of such a prejudicial nature as to constitute fundamental error requiring the granting of relief." See Dkt. # 5, Ex. 1 at 7. As there were no contemporaneous objections to the comments, the OCCA reviewed these allegations for plain error and found that "relief is not warranted as none of the comments at issue rose to the level of plain error." See Dkt. # 5, Ex. 3 at 2 (citation omitted). The OCCA further found that Petitioner had not demonstrated that "defense counsel's failure to object to the prosecutor's comments constituted a denial of his constitutional right to effective assistance of counsel as he has not shown a reasonable probability that but for defense counsel's failure to object, the outcome of the tiral would have been different." Id. (citations omitted).

Habeas corpus relief is available for prosecutorial misconduct only when the prosecution's conduct is so egregious in the context of the entire trial that it renders the trial fundamentally unfair. Donnelly v. DeChristoforo, 416 U.S. 637, 642-48 (1974); Cummings v. Evans, 161 F.3d 610, 618 (10th Cir. 1998). "To view the prosecutor's statements in context, we look first at the strength of the evidence against the defendant and decide whether the prosecutor's statements plausibly could have tipped the scales in favor of the prosecution." Fero v. Kerby, 39 F.3d 1462, 1474 (10th Cir. 1994) (quotations omitted); see also Smallwood v. Gibson, 191 F.3d 1257, 1275-76 (10th Cir. 1999). The Tenth Circuit Court of Appeals has found "no practical distinction" between the formulations of plain error used by the OCCA and the federal due-process test, requiring reversal when an error "so infused the trial with unfairness as to deny due process of law." Thornburg v. Mullin, 422 F.3d 1113, 1125 (10th Cir. 2005) (quoting Estelle v. McGuire, 502 U.S. 62, 75 (1991)). Because the

5

OCCA applied the same test required for a due process determination, this Court defers to its ruling unless it "unreasonably appli[ed]" that test. Id. (citing 28 U.S.C. § 2254(d)). A proceeding is fundamentally unfair under the Due Process Clause if it is "shocking to the universal sense of justice." United States v. Russell, 411 U.S. 423, 432 (1973).

Petitioner complains that, during closing argument, the prosecutor vouched for A.S.'s credibility when she argued, "[s]he's making every effort to be honest. To recall. She's trying to tell you to the best of her ability this is what happened to me." See Dkt. # 7-7, Tr. Trans. Vol. 5 at 11. In addition, during her final closing, the prosecutor stated that "[A.S.] stayed in that shelter because you know why? It happened." Id. at 30. When viewed in light of the evidence presented at trial, the Court finds that the referenced comments by the prosecutor did not tip the scales in favor of the prosecution to the detriment of Petitioner's constitutional rights. During her testimony, A.S. had trouble understanding even simple questions and struggled to provide answers. In fact, during his closing argument, defense counsel described her as "slow." See id. at 22. Thus, the prosecutor's comments were proper comments on the evidence rather than improper vouching for A.S.'s credibility. Petitioner also complains that the prosecutor stated that "unfortunately, in these types of cases, there's rarely other evidence," id. at 10, and asked "[d]o you think the State prosecutes people who don't abuse their children?" Id. at 16. Petitioner argues that those comments undermined the State's burden of proof and amounted to a personal assurance of Petitioner's guilt. However, during closing arguments, both the defense and the prosecution are accorded freedom to argue the evidence presented and any logical or reasonable inferences arising therefrom. Hooper v. Mullin, 314 F.3d 1162, 1172 (10th Cir. 2002). In this case, there was testimony explaining the lack of corroborating physical evidence, including the absence of DNA evidence from A.S.'s bed sheets,

6

see Dkt. # 7-5, Tr. Trans. Vol. 3 at 355-57, and the lack of bruising or tearing observed during A.S.'s physical examination, see Dkt. # 7-6, Tr. Trans. Vol. 4 at 110-14. The Court agrees with the OCCA that the prosecutor's comments fell within the standard governing reasonable inferences from the evidence and did not rise to the level of a due process violation. Petitioner is not entitled to habeas corpus relief as to the claims of prosecutorial misconduct adjudicated on direct appeal because he has failed to demonstrate that the OCCA's adjudication was contrary to, or an unreasonable application of, federal law as determined by the Supreme Court. See 28 U.S.C. § 2254(d).

As part of ground 1, Petitioner argues in the alternative that defense counsel provided ineffective assistance of counsel in failing to object to the above-discussed instances of prosecutorial misconduct. See Dkt. # 1, attached "Proposition I" from direct appeal brief. The OCCA, citing, inter alia, Strickland v. Washington, 466 U.S. 668 (1984), denied relief finding that "Appellant has not shown that defense counsel's failure to object to the prosecutor's comments constituted a denial of his constitutional right to effective assistance of counsel as he has not shown a reasonable probability that but for defense counsel's failure to object the outcome of the trial would have been different." See Dkt. # 5, Ex. 3 at 2.

To be entitled to habeas corpus relief on his alternative claim of ineffective assistance of counsel, Petitioner must demonstrate that the OCCA's adjudication was an unreasonable application of Strickland. Under Strickland, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland, 466 U.S. at 687; Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within

7

the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689. To establish the second prong, a defendant must show that this deficient performance prejudiced the defense, to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Sallahdin v. Gibson, 275 F.3d 1211, 1235 (10th Cir. 2002); Boyd v. Ward, 179 F.3d 904, 914 (10th Cir. 1999). This Court's review of the OCCA's decision on ineffective assistance of counsel claims is "doubly deferential. " Cullen v. Pinholster, 131 S. Ct. 1388, 1403 (2011) (noting that a habeas court must take a "highly deferential" look at counsel's performance under Strickland and through the "deferential" lens of § 2254(d)).

As determined above, Petitioner's claim of prosecutorial misconduct lacks merit. Because the underlying claim lacks merit, Petitioner cannot demonstrate that there is a reasonable probability that the result of the proceeding would have been different had trial counsel objected to the instances of alleged misconduct. Hampton v. Jones, 453 Fed. Appx. 779, 784 (10th Cir. 2011) (unpublished).[3] For that reason, Petitioner cannot satisfy the Strickland standard and he is not entitled to habeas corpus relief on his alternative claim of ineffective assistance of trial counsel for failing to object to the prosecutor's allegedly improper comments. 28 U.S.C. § 2254(d).

---

[3]This unpublished opinion is cited for persuasive value. See 10th Cir. R. 32.1(A).

### 2. Improper voir dire by trial judge

As his second ground of error, Petitioner asserts that the trial judge asked improper questions of the venire panel during voir dire. See Dkt. # 1. In support of this claim, Petitioner attaches a copy of his second proposition of error as raised on direct appeal where he argued that the trial judge asked improper and misleading questions during voir dire. Id. Petitioner claimed that the trial judge's improper hypothetical questions served to bolster the testimony of A.S. and aroused societal alarm. See Dkt. # 5, Ex. 1. In rejecting this claim on direct appeal, the OCCA found as follows:

> [T]he questions asked by the trial court did not bolster the testimony of the complaining witness, arouse societal alarm, confuse or inflame the jury. Most importantly, these questions did not violate Appellant's right to a fair trial or unfairly prejudice him. There was no plain error here. Further we find that the failure of trial counsel to object to the trial court's questions did not render his assistance constitutionally ineffective. Appellant has failed to show either that defense counsel's performance in this regard was deficient or a reasonable probability that the outcome of the trial would have been different if counsel would have objected.

(Dkt. # 5, Ex. 3 at 2 (citations omitted)).

The Sixth Amendment, as applicable to the states through the Fourteenth Amendment, and principles of due process guarantee a criminal defendant in state court an "impartial jury." Ristaino v. Ross, 424 U.S. 589, 595 n.6 (1976) (citations omitted); Ross v. Oklahoma, 487 U.S. 81, 85 (1988). "[T]he Constitution presupposes that a jury selected from a fair cross section of the community is impartial, regardless of the mix of individual viewpoints actually represented on the jury, so long as the jurors can conscientiously and properly carry out their sworn duty to apply the law to the facts of the particular case." Lockhart v. McCree, 476 U.S. 162, 184 (1986). Any claim that the jury was impartial must focus on the jurors who ultimately sat. Ross, 487 U.S. at 86. The Supreme Court has stressed that the trial court is granted wide discretion in conducting voir dire in areas of inquiry that might tend to show juror bias. Mu'min v. Virginia, 500 U.S. 415, 427 (1991).

"Voir dire examination serves the dual purposes of enabling the court to select an impartial jury and assisting counsel in exercising peremptory challenges." Id. at 431.

In the petition, Petitioner never suggests that any of the 12 jurors was not impartial. The trial judge asked questions probative of juror bias. The questions did not render Petitioner's trial fundamentally unfair. Petitioner has failed to demonstrate that the OCCA's resolution of this claim was contrary to or an unreasonable application of Supreme Court law. His request for habeas corpus relief on this claim shall be denied. 28 U.S.C. § 2254(d).

As part of ground 2 in his petition, Petitioner argues in the alternative that defense counsel provided ineffective assistance of counsel in failing to object to the questions asked by the trial judge during voir dire. See Dkt. # 1, attached "Proposition II" from direct appeal brief. The OCCA, again citing Strickland, denied relief finding that "Appellant has failed to show either that defense counsel's performance in this regard was deficient or a reasonable probability that the outcome of the trial would have been different if counsel would have objected." See Dkt. # 5, Ex. 3 at 2.

Applying the legal standards discussed in Part B(1), above, Petitioner is not entitled to habeas relief on his claim that trial counsel provided ineffective assistance in failing to object to the trial judge's voir dire questions unless he demonstrates that the OCCA's adjudication of his claim was "contrary to, or an unreasonable application of" Strickland. Because the underlying claim lacks merit, Petitioner's ineffective assistance of counsel claim fails under the "highly deferential" standards of habeas corpus. Pinholster, 131 S. Ct. at 1403. Petitioner is not entitled to habeas corpus relief on his alternative claim of ineffective assistance of trial counsel for failing to object to the trial judge's voir dire questions. 28 U.S.C. § 2254(d).

**C. Free standing claim of actual innocence**

As his third proposition of error, Petitioner claims he is actually innocent. See Dkt. # 1. Petitioner first raised his claim of actual innocence on post-conviction appeal as both a free standing claim and as the basis for a claim of ineffective assistance of appellate counsel. See Dkt. # 5, Ex. 5. The OCCA imposed a procedural bar on any claim that could have been but was not raised on direct appeal. See Dkt. # 5, Ex. 6. As to Petitioner's claim that appellate counsel provided ineffective assistance in failing to raise an actual innocence claim on direct appeal, the OCCA cited Strickland and denied relief on the ineffective assistance of appellate counsel claim, stating that:

> Petitioner's jury found him guilty beyond a reasonable doubt. He asserts his innocence but offers no new evidence or arguments to refute the jury's verdict or to establish that the outcome of his trial and appeal should have been different.

(Dkt. # 5, Ex. 6 at 2).

In this habeas action, Petitioner asserts actual innocence as a free standing claim. He does not allege, as he did on post-conviction appeal, that appellate counsel provided ineffective assistance in failing to raise a claim of actual innocence on direct appeal. As recognized by Respondent, Petitioner's free standing claim of actual innocence is subject to a procedural bar as a result of his failure to raise it on direct appeal. However, the Court need not review the procedural status of the claim if it easily fails on the merits. See Fields v. Gibson, 277 F.3d 1203, 1217-18 (10th Cir. 2002).

In general, a free standing claim of actual innocence based on newly discovered evidence is not a constitutional claim and is generally not cognizable in federal habeas corpus absent an independent constitutional violation occurring in the underlying state criminal case. Herrera v. Collins, 506 U.S. 390, 400 (1993); Sellers v. Ward, 135 F.3d 1333, 1338 (10th Cir. 1998) (explaining that rule "is grounded in the principle that federal habeas courts sit to ensure that

11

individuals are not imprisoned in violation of the Constitution -- not to correct errors of fact" (quoting Herrera, 506 U.S. at 400)).

Petitioner is not entitled to habeas relief on his claim of actual innocence. First, he has failed to identify a constitutional violation occurring in his state criminal case. For that reason, his claim is not cognizable in this action. Furthermore, even if a constitutional violation occurred at his trial, Petitioner has presented no new evidence supporting his claim of actual innocence. Schlup v. Delo, 513 U.S. 298, 327 (1995) (stating that to succeed on a claim of actual innocence, a habeas petitioner is required to "show that it is more likely than not that no reasonable juror would have convicted him in the light of . . . new evidence"). Instead, Petitioner's arguments rely on facts that were available to him at the time of his trial. See Cummings v. Sirmons, 506 F.3d 1211, 1223-24 (10th Cir. 2007) (new reliable evidence required to succeed on actual innocence claim). Petitioner is not entitled to habeas corpus relief on his claim of actual innocence.

### D. Certificate of appealability

Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253, the court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)).

12

After considering the record in this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Tenth Circuit would find that this Court's application of deference to the decision by the OCCA was debatable amongst jurists of reason. See Dockins v. Hines, 374 F.3d 935 (10th Cir. 2004). The record is devoid of any authority suggesting that the Tenth Circuit Court of Appeals would resolve the issues in this case differently. A certificate of appealability shall be denied.

## *CONCLUSION*

After carefully reviewing the record in this case, the Court concludes that the Petitioner has not established that he is in custody in violation of the Constitution or laws of the United States.

**ACCORDINGLY, IT IS HEREBY ORDERED that** the petition for a writ of habeas corpus (Dkt. #1) is **denied**. A separate judgment shall be entered in this matter. A certificate of appealability is **denied**.

DATED THIS 25th day of October, 2012.

                                              GREGORY K. FRIZZELL, CHIEF JUDGE
                                              UNITED STATES DISTRICT COURT
                                              NORTHERN DISTRICT OF OKLAHOMA